STATE OF NORTH CAROLINA v. CLIFTON EARL SPEIGHT AND CLAUDIE CARTER, JR., DEFENDANTS

No. 751SC584

(Filed 17 December 1975)

Crime Against Nature § 2— instructions — consent — accomplice testimony — harmless error

In this prosecution for crime against nature, error, if any, in the court's instruction that if the jury found that the prosecuting witness willingly participated in the crime, he would be an accomplice and the jury must carefully scrutinize his testimony, was not prejudicial to defendant since it tended to discredit the testimony of the prosecuting witness.

APPEAL by defendants from *Cohoon, Judge.* Judgments entered 12 February 1975 in CURRITUCK County, Superior Court. Heard in the Court of Appeals 22 October 1975.

Defendants were charged with crime against nature in violation of G.S. 14-177.

The State's evidence tended to show that James E. Strong, an inmate at Maple Prison Camp, went to his locker in his dormitory on 18 July 1974; and while returning to his bunk, he was stopped by defendants who told him they wanted to talk to him in the rear of the dormitory. The defendant, Speight, had earlier told Strong that he wanted some of his body and on this day stated, "You know what we want." Speight and Carter then took Strong to Carter's bunk where they struck him several times with a mop handle. Both Carter and Speight committed anal intercourse with Strong while fifteen or twenty people were nearby in the dormitory. Defendants had sheets draped over the bunk to conceal their activity. Carter told Strong he would kill him if he told guards of the assault. The following day Strong reported the assault to a schoolteacher at the prison unit. Later he also told the Superintendent of the assault.

Defendants offered alibi testimony of several inmates and a prison guard, and the testimony of a physician which tended to show that he had examined Strong several days after the alleged crime and found no injury. A jury found defendants guilty as charged, and from judgments imposing prison sentences defendants appealed.

*Attorney General Edmisten by Special Deputy Attorney General Edwin M. Speas, Jr., for the State.*

*Twiford, Abbott, Seawell, Trimpi & Thompson by Russell E. Twiford for defendants.*

CLARK, Judge.

The trial judge instructed the jury in substance that consent was not a defense to the crime charged; that if the jury found Strong had willingly permitted the defendant to insert his penis for sexual purposes into his anus, then Strong would be a participant and an accomplice; and that if Strong was an accomplice, then the jury must carefully scrutinize his testimony. The defendant assigns as error this portion of the charge contending that there was no evidence of consent on the part of Strong, and that it was prejudicial to defendants in that "it tended to give to Strong's testimony a greater ring of veracity."

Strong's testimony tended to show that the crime against nature was committed during daylight hours on a bunk in a sleeping dormitory with twenty inmates nearby and their homosexual activity concealed from the view of bystanders by a sheet draped over and hanging from the bunk above. Though Strong testified that he was beaten with a mop handle and then "raped," the physician who later examined Strong testified that he found no bruises or contusions about his head or body. Conceding, *arguendo*, that there was not sufficient evidence of consent to require the foregoing instruction, we are unable to see any injury to the defendants. It appears to us that the challenged instructions would tend to discredit Strong's testimony and would seem to weaken rather than strengthen his veracity. Harmless error in the giving of that instruction does not constitute ground for reversal. See generally 1 Strong, N. C. Index 2d, Appeal and Error, § 50, p. 74, (Supp. 1975).

We have carefully examined the other assignments of error and do not find them to be meritorious.

No error.

Chief Judge BROCK and Judge HEDRICK concur.